PHILIP LOCKER, Appellant, *v.* JACOB HEISERMAN, Respondent.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Contracts — written agreement by defendant to take course of instruction in English — condition of defendant's business and illness of wife before any instruction given did not relieve him from obligation under contract.

Where the defendant entered into a written contract with the plaintiff's assignor for a course of instruction in English and agreed to pay therefor in installments the fact that before any instruction was given defendant notified plaintiff that he could not take up the course because of the condition of his business and the alleged illness of his wife did not relieve him from his obligation under the contract.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, rendered in favor of defendant, dismissing the complaint of the plaintiff on the merits.

*Benjamin Nebenzahl,* for the appellant.

*Joseph Schottland,* for the respondent.

*Per Curiam.* Plaintiff's assignor, the " Business Men's Institute," entered into a written contract with defendant which provided for a course of instruction in English to be given defendant by instructors in the employ of the Business Men's Institute. Defendant agreed to pay for such instruction fifteen dollars on March 18, 1923, and fifteen dollars on the twenty-eighth of each month thereafter until one hundred and forty dollars was paid. After the contract was signed and before any instruction was given defendant notified plaintiff that he could not take up the course because of the condition of his business, and the alleged illness of his wife. This was apparently sufficient to enlist the sympathy of the trial justice who gave judgment for defendant. It does not, however, constitute a legal defense which would relieve defendant from his obligation under the written contract.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgment reversed.